ZENO B. BAUCUS
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North
Box 3200
Billings, Montana 59101
Phone: (406) 657-6101
Fax: (406) 657-6989
Email: zeno.baucus@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

FILED
MAR 25 2016
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 15-43-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT |
| DALTON ALLAN HALLGREN, *aka* *Donald Hallgren, Jr.*, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States, represented by Assistant U.S. Attorney Zeno B. Baucus, and the defendant, Dalton Allan Hallgren, represented by Anthony R. Gallagher, have agreed upon the following:

1

ZBB  DAH  ARG  Date

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2. **Charges:** The defendant agrees to plead guilty to Counts I and II of the Indictment charging him with Wire Fraud pursuant to 18 U.S.C. § 1343. Counts I and II carry a maximum punishment of 20 years imprisonment, a $250,000 fine, three years of supervised release, and a $100 special assessment. Restitution is mandatory.

At the time of sentencing, the United States will move to dismiss Counts III-VIII of the Indictment if the Court accepts this plea agreement.

3. **Nature of the Agreement:** The parties agree that this plea agreement shall be filed and become a part of the record in this case, and will be governed by Federal Rule of Criminal Procedure 11(c)(1)(A) and (C). The defendant acknowledges that the agreement will be fulfilled provided that the United States moves to dismiss, and the Court agrees to dismiss, Counts III-VIII of the Indictment. The defendant and the United States agree that a specific disposition of between **six and 18 months imprisonment** is appropriate in this case. The defendant understands that, under Federal Rule of Criminal Procedure 11(d)(2)(A),

2

_ZBB_  _DAH_  _ARG_  March 25, 2014
ZBB   DAH   ARG   Date

if the plea agreement is accepted by the Court, the defendant will not have an automatic right to withdraw his plea. If the Court rejects the plea agreement, under Federal Rule of Criminal Procedure 11(c)(5), the defendant will be able to withdraw his guilty plea and the parties will proceed to trial.

*Agreement as to Restitution*: Counts I and II gave rise to this plea agreement. 18 U.S.C. § 3663A(c)(2). The defendant acknowledges and agrees to be responsible for complete restitution regardless of whether a count or counts of the Indictment have been dismissed as part of this plea agreement. 18 U.S.C. § 3663A(a)(3). In particular, the defendant agrees to pay total restitution of no less than $542,846.07 Australian Dollars (AUD).

4. **Admission of Guilt:** The defendant will plead guilty because defendant is in fact guilty of the charges contained in Counts I and II of the Indictment. In pleading guilty to Counts I and II, the defendant acknowledges that:

> First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;
>
> Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;
>
> Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and

3

ZBB   DAH   ARG   Date

Fourth, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

As it relates to Count I, the defendant caused, or caused to be used, a January 27, 2012 wire communication from Australia to Billings, Montana.

As it relates to Count II, the defendant caused, or caused to be used, an April 12, 2012 wire communication from Australia to Billings, Montana.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during the plea colloquy.

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial. The government must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and defense attorney would have a

4

ZBB  DAH  ARG  Date

say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence on the defendant's own behalf. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn

5

ZBB  DAH  ARG  Date

from refusal to testify. Or the defendant could exercise the choice to testify on his or her own behalf.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the United States Court of Appeals for the Ninth Circuit for review to determine if any errors were made which would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Federal Rule of Criminal Procedure 11. By execution of this agreement, the defendant expressly waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, defendant is waiving all the rights set forth in this paragraph. The defendant's attorney has explained these rights and the consequences of waiving these rights.

6

ZBB  DAH  ARG  Date

**6. Recommendations:** The parties agree that a **sentence between six and 18 months imprisonment** is the appropriate disposition of this case. The parties are free to argue for any sentence within that range.

**7. Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

**8. Waiver of Appeal of the Sentence:** The defendant acknowledges that 18 U.S.C. § 3742 affords the right to appeal the sentence imposed in this case. In consideration for the government's concessions in this agreement, the defendant waives any and all right to directly appeal any aspect of the sentence, including conditions of probation or supervised release.

The defendant also waives the right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue or maintain such an action alleging ineffective assistance of counsel.

**9. Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

7

ZBB  DAH  ARG  Date

**10. Detention/Release After Plea:** The United States agrees that it will not move for detention but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

**11. Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement.

**12. Entire Agreement:** Any statements or representations made by the United States, the defendant, or his counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. **This plea agreement constitutes the entire agreement between the**

8

_ZBB_  _DAH_  _ARG_  _Date_

parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

MICHAEL W. COTTER
United States Attorney

_____
ZENO B. BAUCUS
Assistant U. S. Attorney
Date: 3/25/16

_____
DALTON ALLAN HALLGREN
Defendant
Date: 25 MARCH 2016

for _____
ANTHONY R. GALLAGHER
Defense Counsel DAVID A. MERCHANT
Date: March 25, 2016

9

ZBB   DAH   ARG   Date