ZENO B. BAUCUS
Assistant U.S. Attorney
U.S. Attorney's Office
2601 Second Avenue North
Box 3200
Billings, Montana 59101
Phone: (406) 657-6101
Fax: (406) 657-6989
Email: zeno.baucus@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DALTON ALLAN HALLGREN *aka Donald Hallgren, Jr.*,<br><br>Defendant. | CR 15-43-BLG-SPW<br><br><br>**OFFER OF PROOF** |

The defendant, Dalton Allan Hallgren, has signed a plea agreement which contemplates his plea of guilty to Counts I and II of the Indictment, charging him with Wire Fraud in violation of 18 U.S.C. § 1343. Each count carries a maximum penalty of twenty years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment. At the time of sentencing, the United States

will move to dismiss Counts III - VIII of the Indictment. The Court has scheduled a change of plea hearing for 11:00 a.m. April 1, 2016. Doc. No. 26.

The United States presented any and all formal plea offers to the defendant in writing. The plea agreement entered into by the parties and filed with the court represents, in the government's view, the final and the most favorable offer extended to the defendant. *See Missouri v. Frye,* 132 S. Ct. 1399 (2012).

*Elements.* In order to prove the case against the defendant at trial, the United States would have to prove the following elements beyond a reasonable doubt:

> First, the defendant knowingly participated in, devised, or intended to devise a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;
>
> Second, the statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;
>
> Third, the defendant acted with the intent to defraud, that is, the intent to deceive or cheat; and
>
> Fourth, the defendant used, or caused to be used, a wire communication to carry out or attempt to carry out an essential part of the scheme.

*Proof.* If called upon to prove this case at trial, and to provide a factual basis for the defendant's plea, the United States would present, by way of witnesses and documentary evidence, the following:

1. In June 2011 the defendant incorporated Alpha Oilfield Services ("Alpha") with the state of Montana, a company that he controlled during the relevant period.

2. In November 2011, the defendant commenced working at Central Petroleum, Limited, ("Central"), an Australian company, in a management position.

3. During the application process, the defendant was asked to provide a degree confirming he had graduated from Montana Tech of the University of Montana system with a degree in Petroleum Engineering. In response, the defendant provided a forged degree that falsely represented he had obtained such a degree when, in reality, he had not. Employees of Central would later tell law enforcement that they would not have hired the defendant had they been aware the degree was a forgery.

4. Commencing in January 2012 the defendant, in his position at Central, caused Central to contract with Alpha for the purported acquisition of equipment from Alpha. The defendant never disclosed to Central his relationship with Alpha. Nor did he disclose that he caused an

acquaintance in Billings, Montana to prepare invoices on Alpha letterhead to Central for this equipment.

5. As a result, between January and July 2012 Central wired approximately $542,846 (AUD) from Australia to a Billings, Montana bank account controlled by the defendant.

6. As it relates to Counts I and II, the defendant caused a wire of approximately $132,387 (AUD) from Australia to Wells Fargo Account Number XXXXXX3802 on or about January 27, 2012, and a wire of approximately $129,151 (AUD) from Australia to the same Wells Fargo account on or about April 12, 2012. Alpha never provided the equipment to Central and the defendant was ultimately terminated from the company.

7. The defendant was interviewed by law enforcement. During the interview, the defendant admitted that he had lied about having a degree in petroleum engineering from Montana Tech, that he did not disclose that he owned Alpha, and that at least some of the proceeds from Central were used to pay for personal expenses.

DATED this 29th day of March, 2016.

        MICHAEL W. COTTER
        United States Attorney


        */s/ Zeno B. Baucus*
        Assistant United States Attorney
        Attorney for Plaintiff